*87 Dissenting Opinion by
Flood, J.:
The petitioner avers that he was placed in isolation and held incommunicado for eight days, that the police would not allow him to consult counsel when he so requested, and that an inspector of police “had conspired with, and successfully interfered with his counsel to such extent that counsel requested the trial judge for permission to withdraw prior to petitioner’s trial”.
An examination of the original notes of testimony taken February 10, 1948, shows that immediately after the plaintiff’s plea of guilty his attorney asked for leave to withdraw his appearance. While there is no indication of any action by the court on this request, evidently permission to withdraw was assumed and the attorney’s name appears no more in the proceedings. There is nothing in the record to determine whether defendant expressed any opinion or was asked whether he wished to be represented or whether he waived representation in the proceedings or whether he was advised by his counsel as to the plea. After a brief hearing the defendant was sentenced to 25 to 50 years in the Eastern State Penitentiary. Under these circumstances there should be a hearing to determine whether he was effectively represented at the time of his plea, whether he freely waived the right to representation by counsel in the proceedings, and whether he was indigent, since these matters cannot be clearly ascertained from the record or the notes of testimony. Douglas v. California, 372 U.S. 353, 9 L. Ed. 811 (1963). In my opinion the case should be returned to the court below for this purpose.
Montgomery, J., joins in this dissent.